UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-718-H

KEVIN TREES                                                            PLAINTIFF

V.

GOHMANN ASPHALT AND CONSTRUCTION, INC.                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Kevin Trees ("Mr. Trees"), has moved for leave to file an amended complaint in his state-law-based negligence action. Mr. Trees seeks to join twelve employees of the Kentucky Department of Transportation as defendants. The parties have fully briefed the issue and the Court has discussed the issue with counsel.

I.

On April 4, 2003, Mr. Tress was injured in a motorcycle accident allegedly caused by the negligent construction of a bridge in Jefferson County, Kentucky. Mr. Trees filed suit in Jefferson Circuit Court against the contractor responsible for the construction of the bridge, Gohmann Asphalt and Construction, Inc. ("Gohmann"). At the time the suit was filed, Mr. Trees was a citizen of Kentucky and Gohmann, an Indiana corporation, had its principal place of business in Indiana. Accordingly, Gohmann properly removed the case to federal court on November 19, 2003. See 28 U.S.C. §§ 1441, 1332. Because the suit is based entirely on Kentucky law, the only basis for federal jurisdiction is diversity of citizenship.

On April 1, 2004, Mr. Trees filed a separate action in Jefferson Circuit Court against various employees of the Kentucky Transportation Cabinet ("KTC") in their individual and official capacities based on the same alleged injuries as the present case. In that suit, Mr. Trees alleged that the KTC employees negligently designed the bridge and that the negligent design caused his injuries. Christy Trees ("Mrs. Trees"), Mr. Trees's wife, also joined in that action bringing a loss of consortium claim against the KTC employees and Gohmann under the same theory of liability.

Now Mr. Trees seeks to join these same KTC employees in the present lawsuit. There is no evidence of the state of citizenship of each of the KTC employees sought to be joined before this Court; however, Mr. Trees concedes that the addition of those defendants would destroy diversity.

II.

When a plaintiff seeks to join a nondiverse defendant after the case has been removed, a district court's analysis begins with 28 U.S.C. § 1447(e), which provides a district court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Under Section 1447(e), the actual decision on whether or not to permit joinder of a nondiverse defendant is committed to the sound discretion of the district court. *See, e.g.*, Mayes *v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). While the Sixth Circuit has not addressed the issue, courts in other jurisdictions have held that a district court may consider all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction;

whether the plaintiff has been dilatory in asking for amendment; whether the plaintiff will be significantly injured if amendment is not allowed; the apparent validity of the claim; and any other factors bearing on the equities. *See, e.g.*, *Mayes*, 198 F.3d at 462; *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 579-80 (D.C. Ariz. 2003).

The Court must determine whether Mr. Trees' sole motive in joining Gohmann is to destroy diversity and have this action remanded. Plaintiff says that he is pursuing joinder so that all of his claims can be adjudicated in one action. Gohmann argues that Mr. Trees's primary intent is not to try the two cases as one, but rather to force Gohmann to litigate in a state court venue notoriously inhospitable to target defendants such as Gohmann. Based on the evidence, the Court must disagree. Mr. Trees first asserted claims against these KTC employees in state court in April of 2004, just one year after his alleged accident. At that time, Mr. Trees had no jurisdictional motive to bring those claims. Instead, it appears that Mr. Trees sued the parties because he had a good-faith belief that they caused his injuries. Now, though Mr. Trees undoubtedly prefers the state forum, his primary objective is to litigate all his claims in a single forum. Mr. Trees's explanation for the amendment is consistent with this intent.

The Court finds no other grounds upon which it may deny the motion. The amendment does not unfairly prejudice any party. The Court will consider subsequent motions by any party that arise from the amendment.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint is SUSTAINED and the Amended Complaint is ORDERED FILED.

cc:     Counsel of Record

4