UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-718-H

KEVIN TREES                                                                                    PLAINTIFF

V.

GOHMANN ASPHALT AND
CONSTRUCTION, INC., et al.                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kevin Trees ("Trees"), has moved to remand this case to Jefferson Circuit Court based on the absence of diversity occasioned by the joinder of twelve employees of the Kentucky Department of Transportation as defendants. Defendant, Gohmann Asphalt and Construction, Inc., has responded that the additional individual defendants were joined solely for the purposes of defeating diversity and in any event the Court has the discretion to retain the case on its docket.

The Court has already considered some of the relevant issues to the question of remand in its Memorandum Opinion and Order sustaining Plaintiff's motion for leave to file an amended complaint issued December 12, 2005. In that Memorandum Opinion, the Court determined that Trees' sole motive in joining the individual defendants was not simply to destroy diversity. The Court noted that Trees had always asserted claims against the Kentucky individuals and that he had appeared to have sued these parties because of his good faith belief that they contributed to causing his injuries. The Court acknowledged that Trees undoubtedly preferred the state forum,

but also noted that his primary objective was probably to litigate all his claims in a single forum. As a consequence of all these findings, the Court found no reason to deny the motion for leave to amend.

The traditional standard for ignoring the citizenship of parties is where the non-diverse parties are fraudulently joined or joined solely for the purpose of defeating diversity. The Court cannot reach such a conclusion in these circumstances. The current configuration of this case leaves the Court without jurisdiction. No legal or equitable doctrine suggests an alternative to remand.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc:     Counsel of Record